# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### DEL RIO DIVISION

| | | |
|---|---|---|
| DENISE TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| TURTLE CREEK ASSETS, LTD. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, DENISE TORRES ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, TURTLE CREEK ASSETS, LTD. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION & VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue is proper in the United States District Court for the Southern District of Texas because Defendant does or transacts business in this District.

1

## PARTIES

5.  Plaintiff is a natural person residing in the City of Eagle Pass, Maverick County, State of Texas and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6.  At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).[1]

7.  The principal purpose of Defendant's business is the collection of debts it purchased from third parties, using interstate commerce or the mails, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8.  Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a(6) of the FDCPA because in the process of collecting its own debts, it uses any name other than its own which would indicate that a third person is collecting or attempting to collect such debts.

9.  Section 392.001(7) of the Texas Debt Collection Act ("TDCA") defines a "third-party debt collector" as being the same as a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

10. Pursuant to § 392.101(a) of the TDCA "[a] third-party debt collector . . . may not engage in debt collection unless the third-party debt collector . . . has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section."

---

[1] Other lawsuits have been filed against Defendant for unlawful debt collection. For example, Defendant was named a defendant in at least two FDCPA lawsuits recently filed based on allegations of Defendant making empty threats to consumers to coerce the consumers into making a payment to Defendant. *See Daniel Aveline v. Turtle Creek Assets, Ltd.*, Case No 2:19-cv-120 (N.D. Ind. March 27, 2019) (Doc. No. 1, ¶¶ 23-24); *Brooke Watts v. Turtle Creek Assets, Ltd.*, Case No 3:19-cv-00055 (M.D. Miss. March 28, 2019), (Doc. No 1 ¶¶ 21-26).

11. Because Defendant is a "third-party debt collector" pursuant to § 392.101(a) of TDCA, it has secured a surety bond and filed it with the Office of the Texas Secretary of State.

12. According to the Office of the Texas Secretary of State's website, as a result of a Debt Collector Search, Defendant filed its bond on May 10, 2017, is in active status, and is bonded by the Hartford Casualty Insurance Company.[2]  (A true-and-correct copy of the search results for Defendant is attached hereto as Exhibit A).

13. Defendant is a Texas business corporation and debt collector headquartered in the City of Dallas, Dallas County, State of Texas.

14. According to the Office of the Texas Comptroller of Public Accounts' website, as a result of a Taxable Entity Search, Defendant's mailing address is: 5331 Spring Valley Road, Dallas, TX 75254-3009.[3]  (A true-and-correct copy of the search results for Defendant is attached hereto as Exhibit B).

15. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

## BACKGROUND

16. Aaron's, Inc. (hereinafter, "Aaron's") is a rental company with its headquarters located in Atlanta, Georgia.  See *Aaron's, Inc. v. Turtle Creek Assets, Ltd.,* Case No. 1:15-cv-03658 (N.D. Ga. Oct. 15, 2015) (Doc. No. 1-1, p.1).

---

[2] https://direct.sos.state.tx.us/debtcollectors/dcsearch.asp (last accessed May 21, 2019).
[3] https://mycpa.cpa.state.tx.us/coa/coaSearchBtn (last accessed May 21, 2019).

17. Aaron's sells to Defendant its unpaid consumer rental purchase agreement accounts, which have been charged off by Aaron's ("Consumer Paper"). *Id.* (Doc. No. 1-1, p.1).

18. The accounts purchased by Defendant from Aaron's, which comprise the Consumer Paper, were charged-off as uncollectible in accordance with the usual and customary practices of Aaron's. *Id.* (Doc. No. 1-1, p.1).

19. In connection with the Consumer Paper that Defendant purchases from Aarons, Defendant represents and warranties that Defendant has complied with, and is in compliance, in all material respects, with each law that is applicable to Defendant, or the purchase, ownership, use, and collection of the Consumer Paper, including, but without limitation, the Gramm–Leach–Bliley Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and all other United States federal and state laws that pertain to the extension of consumer credit and/or the collection of consumer credit obligations. *Id.* (Doc. No. 1-1, pp. 2, 8).

20. In connection with the Consumer Paper that Defendant purchases from Aaron's, Defendant represents and warranties that Defendant shall not use the name of Aaron's in any way in the operation of its collection of the accounts which comprise the Consumer Paper including, but not limited to, checks, drafts, letters, and forms, except that Aaron's shall permit Defendant to refer to a purchased account in the body of a collection letter as an account purchased from Aaron's. *Id.* (Doc. No. 1-1, p.5).

21. Aaron's sells its delinquent Consumer Paper to Defendant at a fraction of its face value. See *Turtle Creek Assets, Ltd. v. Aaron's Inc.*, Case No 1:15-cv-03851 (N.D. Tex. Nov. 3, 2015). (Doc. No. 1, ¶ 1).

22. Defendant purchases Consumer Paper from Aaron's, Defendant seeks to enforce the Consumer Paper itself or repackage the Consumer Paper by region and sell it. *Id.* (Doc. No. 1, ¶ 2).

23. As of November 2015, Defendant had purchased over $835 Million in Consumer Paper from Aaron's. *Id.* (Doc. No. 1, ¶ 5).

24. Aaron's is a specialty retailer who "markets its goods and services primarily to sub-prime customers by offering high-interest financing or payment options. However, those payment plans **often result in consumer default**." *Id.* (Doc. No. 1, ¶ 11).

25. Defendant is "a privately-owned Dallas-based company in the business of purchasing large amounts of delinquent Consumer Paper from banks, credit card companies, and consumer finance companies. As part of its business model, [Defendant] enters into contracts with large portfolio debt-sellers, re-packages the purchased Consumer Paper by state or region, and then either seeks to enforce the Consumer Paper itself, or sells the re-packaged Consumer Paper to downstream buyers by region for a margin. [Defendant] has bought and sold several billions-of-dollars of paper through years." *Id.* (Doc. No. 1, ¶ 12).

26. "In early 2010, [Defendant] approached Aaron's about purchasing its Consumer Paper that it had charged-off as uncollectible. After months of negotiations, [Defendant] agreed to purchase a large bulk file of Aaron's Consumer Paper. Once [Defendant] purchased a large bulk file of Aaron's Consumer Paper, it re-packaged it by region and sold it to downstream buyers across the country for a margin. Over the course of the next two years, [Defendant] continued to buy Aaron's Consumer Paper and sell it to downstream buyers." *Id.* (Doc. No. 1, ¶ 13).

27. From June 15, 2012 to February 15, 2013, "Aaron's agreed to sell approximately $11-13 Million of its Accounts to [Defendant] . . . in exchange for [Defendant] paying Aaron's 1.50% of the Accounts' face value." *Id.* (Doc. No. 1, ¶ 15).

28. The following websites belong to Defendant: (1) http://forwardproperties.net ("Forward Properties"); and (2) http://www.turtlecreekassets.com/category/turtle-creek-assets/ ("Turtle Creek Assets").

29. Defendant's Forward Properties website contains the following disclosures: "[p]lease note that this communication is from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose" and "[a]t www.forwardproperties.net, you can find the same important information as on your customer letter, such as the original creditor, seller, merchant, account balance, account offers, and more." (A true-and-correct copy of which is attached hereto as Exhibit C).[4]

30. Defendant's Turtle Creek Assets website contains the following disclosures: "[Defendant] is a recognized leader in the global receivables trading and debt collection industry for over twenty years," "[i]f you received a certified letter regarding your Aaron's Rent to Own account from Turtle Creek Assets LLC, please call the following number IMMEDIATELY to resolve your account status and avoid a possible criminal complaint being filed: 1-888-427-0997" and "[f]ailure to return rental property is a crime and criminal complaints are actively being filed by Turtle Creek Assets throughout the country. Click here to view the thousands of criminal complaints that have already been

---

[4] http://forwardproperties.net (last accessed May 21, 2019).

<u>filed by Aaron's: Rent to Own in North Carolina</u>." (A true-and-correct copy of which is attached hereto as Exhibit D).[5]

31. Defendant's website contains links to the following articles: "HOW RENTING FURNITURE IN TEXAS CAN LAND YOU IN JAIL," "PENNSYLVANIA PROSECUTERS PURSUE CHARGES FOR PEOPLE WHO FALL EBHIND ON RENT-TO-OWN PAYMENTS," "WOMEN UPSET AFTER THEY SAID AARON'S HAD THEM ARRESTED," and "POLICE OBTAIN A WARRANT FOR LOCAL MAN ON THEFT CHARGES." *See* Exhibit D.

## FACTS

32. Within the one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt originating with Aaron's.

33. In April 2019, in its attempt to collect the alleged debt owed by Plaintiff, Defendant sent Plaintiff a collection letter (hereinafter, "Collection Letter").  (A true-and-correct copy of which is attached hereto as Exhibit E).

34. The Collection Letter was purportedly sent to Plaintiff from "TCA Rentals, LLC" with its address being 5331 Spring Valley Road, Dallas, Texas 75254.

35. According to the Office of the Texas Secretary of State's website, as a result of a Business Registration Search, "TCA Rentals, LLC" does not exist.[6]

36. Defendant sends slightly different collection letters to other alleged debtors in the State of Texas.  (A true-and-correct copy of an example of that collection letter (hereinafter,

---

[5] http://www.turtlecreekassets.com/category/turtle-creek-assets/ (last accessed May 21, 2019).
[6] https://mycpa.cpa.state.tx.us/coa/coaSearchBtn (last accessed May 21, 2019).

"Alternate Texas Collection Letter") Defendant recently sent to another alleged debtor in Texas is attached hereto as Exhibit F).

37. The Alternate Texas Collection Letter was purportedly sent from "TCA Rentals, LLC" with its address being 20311 Chartwell Center Drive, Suite #250, Charlotte, NC 28031.

38. According to the Office of the North Carolina Secretary of State's website, as a result of a Business Registration Search, "TCA Rentals, LLC" does not exist.[7]

39. Although "TCA Rentals, LLC" has the suffix "LLC" designating that it is supposedly a limited liability company, "TCA Rentals, LLC" it is not a legal entity.

40. Defendant sends similar collection letters to alleged debtors in other states as well.  For example, Defendant sends similar collection letters to alleged debtors in the State of Georgia.  (A true-and-correct copy of a collection letter (hereinafter, "Georgia Collection Letter") Defendant recently sent to an alleged debtor in Georgia is attached hereto as Exhibit G).

41. As shown on the Georgia Collection Letter, Defendant also holds itself out as "Turtle Creek Assets, ***LLC***".  (emphasis added).

42. According to the Office of the Georgia Secretary of State's website, as a result of a Business Search, "Turtle Creek Assets, LLC" does not exist.[8]

43. According to the Office of the North Carolina Secretary of State's website, as a result of a Business Registration Search, "Turtle Creek Assets, LLC" does not exist.[9]

44. According to the Office of the Texas Comptroller of Public Accounts' website, as a result of a Taxable Entity Search, "Turtle Creek Assets, LLC" does not exist.[10]

---

[7] https://www.sosnc.gov/online_services/search/by_title/_Business_Registration (last accessed May 21, 2019).
[8] https://ecorp.sos.ga.gov/BusinessSearch (last accessed May 21, 2019).
[9] https://www.sosnc.gov/online_services/search/by_title/_Business_Registration (last accessed May 21, 2019).
[10] https://mycpa.cpa.state.tx.us/coa/coaSearchBtn (last accessed May 21, 2019).

45. Although "Turtle Creek Assets, LLC" has the suffix "LLC" designating that it is supposedly a limited liability company, "Turtle Creek Assets, LLC" it is not a legal entity.

46. Like "TCA Rentals, LLC," "Turtle Creek Assets, LLC" is another phony legal-entity alias used by Defendant.

47. The moniker "TCA Rentals, LLC" is nothing more than a false, misleading, or deceptive alias used by Defendant in a thinly-veiled attempt to hold itself out as a rental company to make its debt collection attempts to appear legitimate.

48. Defendant is behind the façade of TCA Rentals, LLC and Defendant is nothing more than a debt buyer.

49. "TCA Rentals, LLC" is not the true name of the Defendant's business, company, or organization.

50. Just like the Collection Letter, the Georgia Collection Letter identifies the address of Turtle Creek Assets, LLC as 5331 Spring Valley Road, Dallas, TX 75254.

51. As introduced above, according to the Office of the Texas Comptroller of Public Accounts' website, as a result of a Taxable Entity Search, Defendant's mailing address is also 5331 Spring Valley Road, Dallas, TX 75254.

52. Just like the Collection Letter, the Georgia Collection Letter identifies the call back number to Turtle Creek Assets, LLC as "1-888-399-1701".

53. Just like the Collection Letter, the Georgia Collection Letter identifies the fax number to Turtle Creek Assets, LLC as "214-593-2328".

54. Just like the Collection Letter, the Alternate Texas Collection Letter and Georgia Collection Letter seeks to collect on a debt allegedly originating from an Aaron's account.

55. Just like the Collection Letter, the Alternate Texas Collection Letter and the Georgia Collection Letter refers to the sender as "A Receivables Trading Company."

56. The design, layout, fonts, colors, and content among the Collection Letter, the Alternate Texas Collection Letter, and the Georgia Collection Letter are strikingly similar.

57. One telling difference among the Collection Letter, the Alternate Texas Collection Letter and the Georgia Collection letter is the inclusion of the website address of "www.forwardproperties.net" in the Georgia Collection Letter as the sender's web address.

58. As introduced above, www.forwardproperties.net is one of Defendant's website addresses.

59. Under the heading "PRIVACY NOTICE" on the attached Exhibit A, Defendant's website indicates that it is the website of "Turtle Creek Assets, Ltd."

60. Turtle Creek Assets, Ltd., Turtle Creek Assets, LLC, and TCA Rentals, LLC are one and the same.

61. The Collection Letter seeks to collect a purported consumer debt incurred for personal, family or household purposes.

62. The Collection Letter contains several false, deceptive, or misleading statements.  For example:

    a. "Pursuant to Texas laws (Texas Penal Code § 31.04 – THEFT OF SERVICE), **YOU HAVE FIVE (5) DAYS FROM THE RECEIPT OF THIS DEMAND TO RETURN THE LEASED PROPERTY TO THE LESSOR AT THE ADDRESS SPECIFIED IN THE RENTAL CONTRACT OR A CRIMINAL COMPLAINT WILL BE FILED WITH THE PROPER AUTHORITIES FOR CRIMINAL PROSECUTION.**" (emphasis in original).

b. "If you are unable to return the below mentioned merchandise, please call the following number within (forty-eight) 48 hours of the receipt of this letter TO AVOID CRIMINAL CHARGES BEING FILED (refer to backside): 1-888-427-0997."

c. The Collection Letter represents that Plaintiff could be sentenced to imprisonment.

60. Defendant has no interest in the return of any property it may be entitled to repossess.

61. The Collection Letter demands that the leased property be returned within five (5) days from receipt of the Collection Letter or the Plaintiff will be criminally prosecuted.

62. However, the Collection Letter only vaguely instructs the Plaintiff to return the property to the "address specified in the rental contract."

63. Defendant assumes that Plaintiff would still have the rental contract even though the alleged debt was incurred over 3 years ago.

64. Defendant's failure to explicitly inform Plaintiff precisely where Defendant wants the property to be returned further demonstrates that Defendant has no interest in the return of the property it may be entitled to be repossess.

65. In recent years, Aaron's has reduced the amount of its storefronts nationwide by approximately 20%.

66. Given the combination of the alleged debt being incurred over 3 years ago, the Defendant not providing the address where the property is to be returned, and the reduction of Aaron's storefronts by approximately 20% in recent years, makes it difficult for consumers, like the Plaintiff, to return the property as instructed by the Collection Letter.

67. The Collection Letter's instruction to return the property is deceptive.

11

68. When Defendant receives a call placed to 1-888-427-0997, Defendant's representative answers the call and attempts to collect debts.

69. Defendant's only interest is in collecting on the alleged debt.  (A true-and-correct copy of documentation demonstrating an example that Defendant's only interest is in collecting on alleged debts—and not the return of property—is attached hereto as Exhibit H).

70. Defendant cannot file criminal charges against Plaintiff.

71. At best, Defendant can request for a district attorney to pursue criminal charges against Plaintiff.

72. Arguendo, even if Defendant were able to request that a district attorney take some action against Plaintiff, it is the district attorney's decision to charge Plaintiff with a crime—not the Defendant's.

73. Arguendo, even if a district attorney were to pursue criminal charges against Plaintiff, such charges do not automatically mean that the district attorney would secure a conviction— let alone a judge or jury then deciding to imprison the Plaintiff.

74. The Collection Letter includes several false, deceptive, or misleading statements about the Texas laws that it cites.

75. Plaintiff received the Collection Letter via certified US Mail on April 29, 2019.

76. Terrified by the Collection Letter she received, Plaintiff called the Defendant at 1-888-427-0997 and spoke with one of Defendant's female collectors, Mrs. Burris.

77. During the conversation, Plaintiff explained that her account with Aaron's was paid.

78. Defendant's female collector was unmoved by Plaintiff's dispute and demanded that Plaintiff pay in full or set-up a monthly payment plan for at least $186.00 per month— which must be paid by credit or debit card.

79. Defendant's female collector threatened to send Plaintiff to court.

80. More than 5 days have passed since Plaintiff received the Collection Letter.

81. Plaintiff has not returned the alleged leased property to Defendant.

82. To date, Defendant has not requested that criminal charges be pursued against Plaintiff.

83. To date, Defendant has not taken any legal action against Plaintiff.

84. Defendant's acts as described above were done intentionally with the purpose of terrifying and coercing Plaintiff to pay the alleged debt.

85. The natural consequence of Defendant's acts was harassment, oppression and abuse of the Plaintiff.

86. The natural consequence of the language Defendant used in the Letter was to abuse the reader of the Collection Letter.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

87. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full herein.

88. Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:

    a. Engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of § 1692d;

    b. Using any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

    c. Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of § 1692e(5);

    d. Using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, the foregoing discrete violations of

§ 1692e alleged herein, in violation of § 1692e(10);

e.  Ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt in violation of § 1692g(a)(3); and

f.  Engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt in violation of § 1692g(b).

WHEREFORE, Plaintiff, DENISE TORRES, respectfully requests judgment be entered against Defendant, TURTLE CREEK ASSETS, LTD., for the following:

89. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

90. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

91. Any other relief that this Honorable Court deems appropriate

DATED: May 28, 2019                    RESPECTFULLY SUBMITTED,

By:  /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 6281600
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff

# **<u>EXHIBIT A</u>**

# TEXAS SECRETARY of STATE
# DAVID WHITLEY

**Debt Collector Search**

Section 392.101 of the Texas Finance Code prohibits a third-party debt collector or credit bureau from engaging in debt collection in Texas unless the third-party debt collector or credit bureau has obtained a surety bond and filed a copy of the bond with the Office of the Secretary of State.

On this site, you can search for individuals and entities that have filed debt collector bonds with the Office of the Secretary of State. The search results will indicate, **based on the information filed with the Office of the Secretary of State**, whether the bond is active, pending cancellation, or has been cancelled. All fields displayed are searchable.

**Debt Collector File Number**

**Status**

**Principal Name**

turtle creek assets

**Address**

**City**

**State**

**Zip Code**

**Bonding Company Name**

[Search] [Start Over]

**Found: 1 Displayed: 1**

| Principal Name: **Turtle Creek Assets, Ltd.** | # 1 |
|---|---|
| Address: | **5331 Spring Valley Road**<br>**Dallas, TX 75254** |
| File Number: | **20170087** |
| Status: | **Active** |
| Date Filed: | **5/10/2017** |
| Cancellation Date: | |
| Phone: | |
| Bonding Company: | **Hartford Casualty Insurance Company** |
| Bond No: | **20BSBHR5525** |

Instructions:
🔴 There is no fee for this service.

- Wildcard searches are permitted for debt collector principal name. Example: Principal Name: **ABC%**
- Addresses provided were current on the date the Debt Collector was registered. The address provided may no longer be valid if the status is closed.

# **<u>EXHIBIT B</u>**





# Franchise Tax Account Status

As of : 05/21/2019 12:47:11

**This Page is Not Sufficient for Filings with the Secretary of State**

| TURTLE CREEK ASSETS, LTD. | |
|---|---|
| **Texas Taxpayer Number** | 32035578395 |
| **Mailing Address** | 5331 SPRING VALLEY RD DALLAS, TX 75254-3009 |
| **❓ Right to Transact Business in Texas** | ACTIVE |
| **State of Formation** | TX |
| **Effective SOS Registration Date** | 07/01/2004 |
| **Texas SOS File Number** | 0800359929 |
| **Registered Agent Name** | GORDON S. ENGLE |
| **Registered Office Street Address** | 5331 SPRING VALLEY ROAD DALLAS, TX 75254 |

# EXHIBIT C



- Make A Payment
- Common Questions
- Contact Us
- Privacy Notice

# You may have debt, but you also have options.

Managing your debt starts here.

Lets Figure It Out

## We know life happens.

And, at times, customers may fall behind on financial commitments. We understand.
This website will help you understand the process, your options, and—most importantly—how we're committed to working together to resolve your debt.



*Please note that this communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.*

Paying your bill is easy...

Choose the best option for you, and start down the road toward debt resolution by making a payment today.



# By Phone

**Hours of Operation (EST)**
Monday–Friday 8am–11pm
Saturday 8am–8pm
Sunday 11am–10pm



# By Mail

We encourage you to contact us at our toll-free number, so me may assist you in setting up a payment plan and can direct you to the appropriate mailing address

# Common Questions

### How do I make payments to Turtle Creek Assets
We offer a variety of options to make payment as easy and convenient as possible.
By Phone: Call an Account Representative toll-free at (800) 467-4748 during our hours of operation:
Monday–Friday 8am–11pm EST
Saturday 8am–8pm EST
Sunday 11am–10pm EST
By Mail: Or, you may send checks and payments to:
Turtle Creek Assets

### What information is available on my account at www.forwardproperties.net
At www.forwardproperties.net, you can find the same important information as on your customer letter, such as the original creditor, seller, merchant, account balance, account offers, and more.

### I'm ready to make a payment. What do I do now?

If you are having a technical issue or some other difficulty with your payment, please speak with an Account Representative toll-free at (800) 467-4748 during our hours of operation:
Monday–Friday 8am–11pm EST
Saturday 8am–8pm EST
Sunday 11am–10pm EST

# Privacy Notice

**Turtle Creek Assets, Ltd**. (dba: Forward Properties International, Inc) is delivering this Privacy Notice to you to generally describe the nonpublic personal and financial information we gather about you, and our privacy practices relating to such information and how those practices relate to the protection, use and disclosure of your nonpublic personal information (your "Customer Information"). Please carefully read this Privacy Notice. **What Information Do We Collect?** We collect certain personal information about you from the following sources: 1. Information we received from you. This may include: · Your name · Address · Social Security Number · Telephone number · Other relevant information that you provide 2. Information about your transactions with our affiliates, others or us. This may include: · Account balance · Payment history · Account activity 3. Information we receive from consumer reporting agencies (such as credit scores and history) and other information relating to your creditworthiness. **How Do We Use Your Information?** We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information. **Information Security:** We restrict access to Customer Information about you to those employees or service providers who need to know that information to service your account(s). We maintain physical, electronic and procedural safeguards that comply with applicable laws and regulations to guard your Customer Information. Whenever we hire third parties to provide support services in order to help us service or manage your account(s), we will require them to conform to our privacy standards and to allow us to audit them for compliance. Such third parties and their employees receiving Customer Information we have obtained about you are required to limit their use of your Customer Information to the particular purpose for which it is shared and they are not allowed to share it with others except to fulfill that limited purpose. Also please note that Turtle Creek Assets', Ltd. Website may contain links or references to other websites which are not under Turtle Creek Assets', Ltd. control. This Privacy Policy does not apply to those websites that are not under Turtle Creek Assets', Ltd. control. We encourage you to read the privacy policy of every website you visit. If you have any questions, comments, or concerns about this Privacy Policy, please contact us at (800) 467-4748. If this Privacy Policy changes, the revised Policy will be posted here.

# Contact US

Phone: (800) 467-4748

Email: info@forwardproperties.net

# EXHIBIT D

# TURTLE CREEK ASSETS

A Recognized Leader In Accounts Receivable Management & Debt Collection For Over Twenty Years

**CATEGORY: TURTLE CREEK ASSETS**

**MAY 15, 2019**

## Turtle Creek Assets LLC

A Recognized Leader In Accounts Receivable Management & Debt Collection For Over Twenty Years

Turtle Creek Assets LLC (Forward Properties International, Inc.) headquartered in Dallas, Texas is a recognized leader in the global receivables trading and debt collection industry for over twenty years.

If you have received a certified letter regarding your Aaron's Rent to Own account from Turtle Creek Assets LLC, please call the following number IMMEDIATELY to resolve your account status and avoid a possible criminal complaint being filed:

# 1-888-427-0997

Failure to return rental property is a crime and criminal complaints are actively being filed by Turtle Creek Assets throughout the country.  Click here to view the thousands of criminal complaints that have already been filed by Aaron's: Rent to Own in North Carolina.

This is NOT a scam. This is a serious and legit imate matter. Do not wait to call. We will make every effort to resolve your account status, but once a complaint has been filed we may not be able to offer a solution.

***Read more articles here:***

HOW RENTING FURNITURE IN TEXAS CAN LAND YOU IN JAIL

PENNSYLVANIA PROSECUTORS PURSUE CHARGES FOR PEOPLE WHO FALL BEHIND ON RENT-TO-OWN PAYMENTS

WOMEN UPSET AFTER THEY SAID AARON'S HAD THEM ARRESTED

POLICE OBTAIN A WARRANT FOR LOCAL MAN ON THEFT CHARGES

Turtle Creek Assets, Ltd

5331 Spring Valley Road

Dallas, Texas 75254

Phone: 1-888-427-0997

Email: info@forwardproperties.net

# **EXHIBIT E**

# TCA Rentals, LLC

**A Receivables Trading Company**

5331 Spring Valley Road
Dallas, TX 75254
Telephone: 1-888-399-1701
Fax: 214-593-2328

DENISE Torres
████████████
EAGLE PASS TX 78852-5660
DOB: ████████
SS#: ████████

**AARON'S ACCOUNT #:** ████████

Dear DENISE Torres,

Pursuant to Texas laws (Texas Penal Code § 31.04 – THEFT OF SERVICE), **YOU HAVE FIVE (5) DAYS FROM THE RECEIPT OF THIS DEMAND TO RETURN THE LEASED PROPERTY TO THE LESSOR AT THE ADDRESS SPECIFIED IN THE RENTAL CONTRACT OR A CRIMINAL COMPLAINT WILL BE FILED WITH THE PROPER AUTHORITIES FOR CRIMINAL PROSECUTION.**

If you are unable to return the below mentioned merchandise, please call the following number within (forty-eight) 48 hours of the receipt of this letter **TO AVOID CRIMINAL CHARGES BEING FILED** (refer to backside):

## 1-888-399-1701

| Rental Contract Date: | 1/7/2016 |
|---|---|
| ITEMS: | TBLT Dell PRO 8 WIFI 8 HD WIN8 | Sony PS4 500GB Bundle Various Bonus | MICR |

This statutory notice is provided pursuant to Texas Penal Code Title 7 - Offenses Against Property § 31.04. You are hereby notified that you have failed to return that certain personal property leased by you under a written rental contract dated 1/7/2016 wherein **DENISE Torres** the lessor, to the particular place or at the particular time provided by the said rental contract. Pursuant to Texas law, you have five (5) days from the receipt of this demand to return the leased property to the lessor at the address specified in the rental contract. Unless the said property is returned to the lessor at the address specified in the rental contract within the time specified above, the lessor may assume that at the time you entered into the said rental contract you intended, knew or expected that you would not perform the terms, covenants and agreements of the lessee thereunder, and that **you intended to defraud the lessor.** In such case the lessor may turn over the rental contract and all other available information relating to this incident to the proper authorities for **criminal prosecution.**

*Intent to avoid payment is presumed if: (4) the actor failed to return the property held under a rental agreement: (A) within five days after receiving notice demanding return, if the property is valued at less than $1,500; or (B) within*

*ten days after receiving notice demanding return, if the property is valued at $1,500 or more. (c) For purposes of Subsections (a)(4), (b)(2), and (b)(4), notice shall be in writing, sent by registered or certified mail.*

TCA Rentals, LLC
5331 Spring Valley Road
Dallas, TX 75254

USPS CERTIFIED MAIL

9207 1901 4298 0447 4713 80

C1090-29751
DENISE Torres
EAGLE PASS TX 78852-5660

# TEXAS PENAL CODE § 31.04
## TITLE 7 - OFFENSES AGAINST PROPERTY
## CHAPTER 31 - THEFT
## THEFT OF SERVICE

*(a)* **_A person commits theft of service if_**, with intent to avoid payment for service that the actor knows is provided only for compensation:

(2) **_Having control of personal property under a written rental agreement, the actor holds the property beyond the expiration of the rental period_** without the effective consent of the owner of the property, thereby depriving the owner of the property of its use in further rentals;

(E) AN OFFENSE UNDER THIS SECTION IS:

IF THE VALUE OF SERVICE STOLEN IS $100 OR MORE BUT LESS THAN $750, THEN A CONVICTION FOR THEFT OF SERVICE IS PUNISHED AS A CLASS B MISDEMEANOR WITH A MAXIMUM POSSIBLE FINE UNDER TEXAS STATE LAW OF UP TO $2,000 AND **JAIL TIME OF UP TO 180 DAYS.**

IF THE VALUE OF SERVICE STOLEN IS $750 OR MORE BUT LESS THAN $2,500, THEN A CONVICTION IS PUNISHED AS A CLASS A MISDEMEANOR WITH A MAXIMUM POSSIBLE FINE UP TO $4,000 AND **JAIL TIME OF UP TO ONE YEAR.**

IF THE VALUE OF SERVICE STOLEN IS $2,500 OR MORE BUT LESS THAN $30,000, THEN A CONVICTION FOR IS PUNISHED AS A STATE JAIL FELONY WITH A MAXIMUM POSSIBLE OF UP TO $10,000 AND **JAIL TIME OF UP TO TWO YEARS.**

Intent to avoid payment is presumed if: (4) the actor failed to return the property held under a rental agreement: (A) within five days after receiving notice demanding return, if the property is valued at less than $1,500; or (B) within three days after receiving notice demanding return, if the property is valued at $1,500 or more. (c) For purposes of Subsections (a)(4), (b)(2), and (b)(4), notice shall be notice in writing, sent by registered or certified mail.

# **EXHIBIT F**

# TCA Rentals, LLC
### A Receivables Trading Company

20311 Chartwell Center Dr
Suite # 250
Charlotte NC 28031
Telephone: 1-888-427-0997

order H+ 0653463-0310613  561.49
112-7252543-7645007  56.57
112 8238984-2089807  25.96
112 2649253-4391412  15.75   94.78
113 6320088 2188260  94.78
113 3727038 827860L  0.00   9.00
112 0279100 3910601  35.90   49.00

HOUSTON TX 77284-1542
DOB:

**AARON'S ACCOUNT #:**

Dear

Pursuant to Texas laws (Texas Penal Code § 31.04 – THEFT OF SERVICE), **YOU HAVE FIVE (5) DAYS FROM THE RECEIPT OF THIS DEMAND TO RETURN THE LEASED PROPERTY TO THE LESSOR AT THE ADDRESS SPECIFIED IN THE RENTAL CONTRACT OR A CRIMINAL COMPLAINT WILL BE FILED WITH THE PROPER AUTHORITIES FOR** CRIMINAL PROSECUTION.

If you are unable to return the below mentioned merchandise, please call the following number within (forty-eight) 48 hours of the receipt of this letter **TO AVOID CRIMINAL CHARGES BEING FILED (refer to backside):**

## 1-888-427-0997

$ 2,287.87

| | |
|---|---|
| Aaron's Account Number: | CH157-4926 |
| Rental Contract Date: | 9/9/2015 |
| ITEMS: | LPTP HP 4/500 15.6 TOUCHSCREEN AMD |
| | Walmart $311.29 |

This statutory notice is provided pursuant to Texas Penal Code Title 7 - Offenses Against Property § 31.04. You are hereby notified that you have failed to return that certain personal property leased by you under a written rental contract dated **9/9/2015** wherein _____ the lessor, to the particular place or at the particular time provided by the said rental contract. Pursuant to Texas law, you have five (5) days from the receipt of this demand to return the leased property to the lessor at the address specified in the rental contract. Unless the said property is returned to the lessor at the address specified in the rental contract within the time specified above, the lessor may assume that at the time you entered into the said rental contract you intended, knew or expected that you would not perform the terms, covenants and agreements of the lessee thereunder, and that **you intended to defraud the lessor**. In such case the lessor may turn over the rental contract and all other available information relating to this incident to the proper authorities for **criminal prosecution**.

Intent to avoid payment is presumed if: (4) the actor failed to return the property held under a rental agreement: (A) within five days after receiving notice demanding return, if the property is valued at less than $ 1,500; or (B) within three days after receiving notice demanding return, if the property is valued at $ 1,500 or more. (c) For purposes of Subsections (a)(4), (b)(2), and (b)(4), notice shall be notice in writing, sent by registered or certified mail.





TC——————
20311 Chartwell Center Dr
Suite #250
Charlotte NC 28031





HOUSTON TX 77284-1542

# TEXAS PENAL CODE § 31.04
## TITLE 7 - OFFENSES AGAINST PROPERTY
## CHAPTER 31 - THEFT
## THEFT OF SERVICE

(a) *A person commits theft of service if*, with intent to avoid payment for service that the actor knows is provided only for compensation:

(2) *Having control of personal property under a written rental agreement, the actor holds the property beyond the expiration of the rental period* without the effective consent of the owner of the property, thereby depriving the owner of the property of its use in further rentals;

(E) AN OFFENSE UNDER THIS SECTION IS:

IF THE VALUE OF SERVICE STOLEN IS $100 OR MORE BUT LESS THAN $750, THEN A CONVICTION FOR THEFT OF SERVICE IS PUNISHED AS A CLASS B MISDEMEANOR WITH A MAXIMUM POSSIBLE FINE UNDER TEXAS STATE LAW OF UP TO $2,000 AND **JAIL TIME OF UP TO 180 DAYS.**

IF THE VALUE OF SERVICE STOLEN IS $750 OR MORE BUT LESS THAN $2,500, THEN A CONVICTION IS PUNISHED AS A CLASS A MISDEMEANOR WITH A MAXIMUM POSSIBLE FINE UP TO $4,000 AND **JAIL TIME OF UP TO ONE YEAR.**

IF THE VALUE OF SERVICE STOLEN IS $2,500 OR MORE BUT LESS THAN $30,000, THEN A CONVICTION FOR IS PUNISHED AS A STATE JAIL FELONY WITH A MAXIMUM POSSIBLE OF UP TO $10,000 AND **JAIL TIME OF UP TO TWO YEARS.**

*ntent to avoid payment is presumed if: (4) the actor failed to return the property held under a rental agreement: (A) within five days after receiving notice demanding return, if the property is valued at less than $ 1,500; or (B) within*

*ree days after receiving notice demanding return, if the property is valued at $ 1,500 or more. (c) For purposes of Subsections (a)(4), (b)(2), and (b)(4), notice shall be notice in writing, sent by registered or certified mail.*

# EXHIBIT G

# Turtle Creek Assets, LLC

A Receivables Trading Company

5331 Spring Valley Road
Dallas, Texas 75254
Telephone: 1-888-399-1701
Fax: 214-593-2328
www.forwardproperties.net

███████████

Greensboro, GA 30642

**AARON'S ACCOUNT #:** ███████5281

███████████

Dear ███████████

Pursuant to Georgia law (Official Code of Georgia Annotated § 16-8-4 - Theft by conversion) **YOU HAVE FIVE (5) DAYS FROM THE RECEIPT OF THIS DEMAND TO RETURN THE LEASED PROPERTY TO THE LESSOR AT THE ADDRESS SPECIFIED IN THE RENTAL CONTRACT OR A CRIMINAL COMPLAINT WILL BE FILED WITH THE PROPER AUTHORITIES FOR CRIMINAL PROSECUTION.**

If you are unable to return the below mentioned merchandise, please call the following number within (forty-eight) 48 hours of the receipt of this letter **TO AVOID CRIMINAL CHARGES BEING FILED (refer to backside):**

# 1-888-399-1701

| Aaron's Store Address: | 2120 W Spring St Ste 200 Monroe GA 05.12.1983 |
|---|---|
| Rental Contract Date: | 02.04.2016 |
| ITEMS: | 7.3cu.ft. Electric Dryer Fron Contr \| 4.5cu.ft. HE Topload Washer Front C |

This statutory notice is provided pursuant to section 16-8-4 of the Official Code of Georgia Annotated. You are hereby notified that you have failed to return that certain personal property leased by you under a written rental contract dated **02.04.2016** wherein ███████████ the lessor, to the particular place or at the particular time provided by the said rental contract. Pursuant to Georgia law, you have five (5) day from the receipt of this demand to return the leased property to the lessor at the address specified in the rental contract. Unless the said property is returned to the lessor at the address specified in the rental contract within the time specified above, the lessor may assume that at the time you entered into the said rental contract you intended, knew or expected that you would not perform the terms, covenants and agreements of the lessee thereunder, and that **you intended to defraud the lessor**. In such case the lessor may turn over the rental contract and all other available information relating to this incident to the proper authorities for **criminal prosecution**.

*Any person having any personal property in such person's possession or under such person's control by virtue of a lease or rental agreement who fails to return the personal property within five days, Saturdays, Sundays, and holidays excluded, after a letter demanding return of the personal property has been mailed to such person by certified or registered mail or statutory overnight delivery, return receipt requested, at such person's last known address by the owner of the personal property or by the owner's agent shall be presumed to have knowingly converted such personal property to such person's own use in violation of such lease or agreement.*

# EXHIBIT H



# Turtle Creek Assets, Ltd.

February 4, 2019

To whom it may concern,

In consideration of the conclusion of satisfactory arrangements for ▇▇▇▇▇▇▇ the debts regarding Aarons account numbers ▇▇▇▇▇▇ (Sony PS4) and ▇▇▇▇▇▇▇ (55" Samsung TV) both leased on February 14, 2015, which were charged off to Turtle Creek Assets, with outstanding balances of $596.62 and $2743.79, respectively, have been released and discharged as settled in full via a third party agency (Mediation Services) for $1500.00 which was paid in installments between October 12, 2018 and January 31, 2019.

Thank you for your business!  Should there be any questions, please do not hesitate to email me directly at doug@forwardproperties.net or call my direct line at 800-337-6587.

Doug Engle
Special Services
Turtle Creek Assets, Ltd.
Forward Properties International, Inc.



*Contact Us:* **469-310-4537**



**March 5, 2019**

**Last Four of Social: XXX-XX-██████**
**Account Number: ██████████**
**Original Creditor: Aaron's, Inc.**
**Balance: $0.00**

Dear ██████████

Mediation Services has received your payment in the amount of **$1500.00**

Your payment was received on **January 31, 2019**. The above mentioned account is considered **"SETTLED IN-FULL"** contact the following credit reporting agencies and sends them a copy of this notice according to their instruction:

| Transunion: | +1 800 916 8800 | www.Transunion.com |
| Equifax: | +1 800 685 1111 | www.Equifax.com |
| Experian: | +1 877 284 7942 | www.Experian.com |

If you have any questions regarding the above referenced account, please contact our office! Please refer to the account number listed above. Thank you for resolving your obligation.

Kind Regards,
Michael J. Goldstein
Financial Claims Division
Mediation Services, Ltd.

Director of Compliance Debt Retrieval Consultant CONFIDENTIALITY NOTICE: This correspondence and any attachments are confidential and may be privileged. If you have received it by mistake, please notify the sender and promptly obliterate this document. Any unauthorized use or dissemination of this document and its attachments in whole or in part is strictly prohibited. Please note that correspondences are susceptible to chance. Central Finance (Including its group companies) shall not be liable for the improper or incomplete transmission of the information contained in this communication nor for any delay in its receipt or damage to your system. We do not guarantee that the integrity of this communication has been maintained or that this communication is free of viruses, interceptions and/or interference.
This is an attempt to collect a debt, any information obtained will be used for that purpose.